# JUNE, 1924.

WILLIAM GIBBONS v. THE STATE.

No. 8591.    Delivered June 11, 1924.

Rehearing denied Nov. 7, 1924.

1.—Murder—Evidence—Irrelevant—Properly Excluded.

Appellant offered in evidence a letter written by Oscar Head to his son. Neither of these were parties to the instant transaction. Opinions expressed by Oscar Head, to his son, or inferences sought to be drawn from the language used in the letter, could be binding upon neither the State, nor the defendant. The letter was irrelevant, and properly excluded.

ON MOTION FOR REHEARING.

2.—Same—Continuance—Must Reserve Bill to Refusal of.

Appellant complains of the refusal of the trial court to grant him a continuance. No bill of exception was reserved by him. In the absence of a bill of exception, preserving the point, a refusal of a continuance cannot be reviewed on appeal.

3.—Same—Practice On Appeal—Rule Stated.

This court is compelled to decide cases on appeal upon the records as they are made, and cannot be affected by discussions in briefs or motions, of errors not properly preserved by bills of exception or other matters of record, upon the trial.

Appeal from the District Court of Orange County. Tried below before the Honorable V. H. Stark, Judge.

Appeal from a conviction for murder, penalty, life imprisonment in the penitentiary.

*Howth, Adams, O'Fiel & Hart,* of Beaumont, for appellant.

*R. Lee Davis,* County Attorney, of Orange; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Orange county of murder, and his punishment fixed at confinement for life in the penitentiary.

There is no dispute of the fact that appellant shot and killed deceased as alleged in the indictment. The defense sought to convince the jury that the killing was either upon self-defense or at most constituted no graver offense than manslaughter. There is no complaint in the record of the manner in which the issues were submitted in the charge of the court. The record contains but one bill of exceptions in which is presented complain of the rejection in evidence of a letter written by Oscar Head to his son. Neither of these were parties to the instant transaction. Apparently the letter was offered in evidence for the light it might shed upon the actions of deceased. In our opinion it could not have any proper place in the record. Opinions expressed by Oscar Head to his son or inferences sought to be drawn from the language used in the letter from Oscar Head to his son, could be binding upon neither the State nor the accused in a case such as this.

The facts in evidence amply support the jury's conclusion of guilt, and their refusal to accept the defensive theories offered.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint of the refusal of a continuance. The rule laid down by all the authorities in this State and adhered to through many years, requires the accused who wishes the Court of Criminal Appeals to review such a complaint, to preserve his objection by a bill of exceptions, which was not done in this case.

Appellant also renews the complaint of the rejection in evidence of a letter written by Oscar Head to his son Carl Head. This matter was disposed of in the original opinion and no authorities are cited or suffi-

cient reasons advanced for a change of opinion on our part in regard to it.

This court is compelled to decide cases on appeal upon the records as they are made and cannot be affected by discussion in briefs or motions of errors not properly preserved by bills of exception or other matters of record, upon the trial.

The motion for rehearing will be overruled.

*Overruled.*